UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS R. SPEACHT, et al. | : | |
| Plaintiffs, | : | CIVIL ACTION NO.: 5:10-cv-241 |
| v. | : | |
| | : | Electronically Filed |
| WAL-MART STORES EAST, L.P, et al. | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## DEFENDANTS' PRE-TRIAL MEMORANDUM

Pursuant to the Court's February 4, 2010 Scheduling Order and Local Rule 16.1(c), Defendants Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investment, LLC, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., operating as and more correctly designated as Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), and Matt Toolan, Cory Confer and Brian Wassinger (together with Wal-Mart "Defendants"), by and through their undersigned counsel, hereby submit this Pre-Trial Memorandum.

1. <u>Nature of the Action and Basis for Jurisdiction</u>:

Plaintiffs are former and current associates of the Tire Lube Express (TLE) Department at Wal-Mart Store #2252 in Easton, Pennsylvania. All Plaintiffs claim violations of the Federal Wiretapping Act, 18 U.S.C. §§ 2511 and 2520 and the Pennsylvania wiretap statute, 18 P.S. § 5703. Plaintiffs Francis Speacht, Rudy Kinchen and Randy Howell further claim that Wal-Mart terminated them based on their exercise of rights under the Pennsylvania Worker and Community Right to Know Act, 35 P.S. § 7313. They also assert common law claims for wrongful discharge.[1]

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims under the Federal Wiretapping Act. The Court exercises supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims.

---

[1] On June 8, 2010, Defendants filed a Motion for Summary Judgment to dismiss all of Plaintiffs' claims. Plaintiffs only opposed the dismissal of the federal and state wiretap counts. They filed no opposition to dismissing the wrongful discharge claims and the Pennsylvania Worker and Community Right to Know Act claims.

2.     Statement of the Facts:

In investigating suspected theft of merchandise, Wal-Mart's asset protection associates placed a video camera in a TLE stockroom. Although the stockroom contains a bathroom, the camera was placed in an area completely separated by a wall from the bathroom area. The camera was aimed at a shopping basket on the floor. The basket contained a "TomTom" brand of a GPS device. The asset protection associates did not receive permission to place the camera in the stockroom, and they were terminated for the unauthorized use of Store merchandise in this unauthorized surveillance operation.

The audio portion of the camera captured background noise of the TLE Department's operations and only a single substantive conversation involving any of the Plaintiffs. In the single, brief conversation, Plaintiffs Speacht and Kinchen can be heard on the tape, along with another associate who is not a Plaintiff, discussing the presence of the TomTom in the basket. Plaintiffs Speacht and Kinchen testified that the conversation was work-related and not private. The video did not depict anyone using the restroom, undressing or engaging in any act or conversation which carried a reasonable expectation of privacy. Plaintiffs discovered the camera within a few hours of it being placed in the stockroom.

Wal-Mart terminated Plaintiff Speacht on May 2, 2008 for Inability to Perform Job after he displayed substantial performance deficiencies and failed to improve. Plaintiff Kinchen was terminated for Gross Misconduct on June 12, 2008 after he used profanity toward a supervisor. Wal-Mart terminated Plaintiff Howell on May 26, 2008 for job abandonment.

None of the terminated Plaintiffs testified to any injuries they, or any associate, sustained as a result of the camera or alleged unsafe working conditions. Plaintiff Speacht testified to a single instance when he allegedly reported to management that other associates improperly vented propane tanks outside the building. He admitted that Wal-Mart took care of the issue after his report. He further testified that he made a single call to OSHA regarding a piece of equipment that was not bolted down, but no one returned his call. He never made a formal report. He could not identify any retaliation from his report to Wal-Mart regarding the propane tanks or his single call to OSHA. Plaintiff Kinchen testified that he complained to Wal-Mart about working on unregistered vehicles and working alone in the TLE shop but never reported these concerns to OSHA or any agency. He could not identify any retaliatory conduct as a result of his work-related complaints. None of the other Plaintiffs testified as to any complaints they made to OSHA or any other government agency regarding working conditions at Store #2252.[2]

3.     List of monetary damages claimed:

None of the Plaintiffs testified as to any monetary damages they sustained as a result of the camera incident. In addition, Plaintiffs Speacht, Kinchen and Howell have not provided any information on damages sustained as a result of alleged reports of unsafe working conditions.

---

[2] Plaintiff Howell failed to appear for two separate depositions despite proper notice.

4. <u>List of Witnesses</u>

Liability

    a.    Matthew Toolan, former Wal-Mart Market Technical Specialist for the Market encompassing Store #2252 (current Wal-Mart Field Project Manager)

    b.    Marshall Pierce, Market Asset Protection Manager for the Market encompassing Store #2252

    c.    Corey Confer, former Manager of Wal-Mart Store #2252 (current Manager of Wal-Mart Store #2368, East Stroudsburg, Pennsylvania)

    d.    James Williams, former Co-Manager of Wal-Mart Store #2252 (current Manager of Wal-Mart Store #3236, Freehold, New Jersey)

    e.    Brian Wassinger, former Assistant Manager of Wal-Mart Store #2252 (current Assistant Manager of Wal-Mart Store #3658, Greensboro, North Carolina)

    f.    Arthur Lane, Wal-Mart Associate

    g.    Cindy Pintarch, former Wal-Mart TLE Associate

Defendants reserve the right to call any witnesses identified during discovery and/or identified by Plaintiffs.

5. <u>Exhibits</u>

    a.    March 31, 2008 videotape

    b.    Performance evaluations of Plaintiff Speacht

    c.    October 18, 2007 Decision-Making Day Coaching of Plaintiff Speacht

    d.    May 5, 2008 Attendance Tracking Report of Plaintiff Speacht

    e.    Exit Interview Form of Plaintiff Speacht

    f.    Photos taken by Plaintiff Speacht of camera

    g.    Performance evaluations of Plaintiff Kinchen

    h.    May 6, 2008 Verbal Coaching of Plaintiff Kinchen

    i.    May 29, 2008 Written Coaching of Plaintiff Kinchen

      j.      June 12, 2008 Attendance Tracking Report of Plaintiff Kinchen

      k.      Exit Interview Form of Plaintiff Kinchen

      l.      Plaintiff Kinchen's Medical Records, Easton Hospital

      m.      Performance evaluations of Plaintiff Howell

      n.      May 26, 2009 Attendance Tracking Report of Plaintiff Howell

      o.      Exit Interview Form of Plaintiff Howell

      p.      Taped interview of Arthur Lane

      q.      TLE Service Technician Job Description

      r.      TLE Support Manager Job Description

6. <u>Estimate of Trial Time</u>:

Defendants' case will take approximately two days. Defendants estimate the entire case will take four days of testimony.

7. <u>Special Comments</u>:

Defendants' Motion for Summary Judgment is pending.

Respectfully submitted,

**MCDONNELL & ASSOCIATES, P.C.**

Dated: July 22, 2010

          *s/ Patrick J. McDonnell*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Metropolitan Business Center
860 First Avenue, Suite 5B
King of Prussia, PA  19406
(610)   337-2087 - Telephone
(610)   337-2575 - Facsimile

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS R. SPEACHT, et al. : | |
| : | |
| Plaintiffs, : | CIVIL ACTION NO.: 5:10-cv-241 |
| : | |
| v. : | |
| : | Electronically Filed |
| WAL-MART STORES EAST, L.P, et al. : | JURY TRIAL DEMANDED |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Patrick J. McDonnell, Esquire hereby certify that that on July 22, 2010 Defendant's Pretrial Memorandum was electronically filed with the Court. This document is available for viewing and downloading from the ECF by counsel for Plaintiffs:

Erv D. McLain
McLain Law Office, P.C.
561 Main Street, Suite 275
P.O. Box 1096
Bethlehem, PA  18016-1096

McDONNELL & ASSOCIATES, P.C.

Dated:   July 22, 2010          By:          s/ Patrick J. McDonnell
                                        Patrick J. McDonnell, Esquire
                                        Attorney I.D. No. 62310
                                        Metropolitan Business Center
                                        860 First Avenue, Suite 5B
                                        King of Prussia, PA  19406
                                        (610)   337-2087 - Telephone
                                        (610)   337-2575 - Facsimile

                                        *Attorneys for Defendants*